# Margolis's Petition.

*Attorney-at-law—Disbarment—Reinstatement — Supreme Court
—Jurisdiction—Rules of court.*

1. Where an attorney-at-law has been disbarred, and his disbarment sustained on appeal, he cannot thereafter petition the Supreme Court to reinstate him.

2. Under Rule 17 of the Supreme Court, a petition to reconsider the facts on which a disbarment has been ordered, must be made in the court which found such facts.

Petition for readmission to the bar of the Supreme Court. No. 245, Misc. Docket, No. 4, 1924.

PER CURIAM, April 14, 1924:

Jacob Margolis, attorney-at-law, was disbarred by the Court of Common Pleas of Allegheny County on September 15, 1920, and February 14, 1921, the decree was affirmed by this court: Margolis's Case, 269 Pa. 206. He has filed a petition asking us to "readmit" him and issue "a certificate to that effect" so that he may "practice law outside of the State of Pennsylvania."

The rules of this court provide that all proceedings for disbarment shall be had in the "proper court" of the county where the attorney "misbehaved himself," or where "his office" is located, or in "the proper court of another county near thereto"; see Rule 17. This court acts purely as an appellate tribunal; though, when we affirm a disbarment order, the effect, under the above rule, is to strike the name of the attorney from our roll. A petition such as the one at bar, which asks us to reconsider the facts on which the decree is based, should be made to the court that found those facts, and not to us.

The petition is dismissed.